UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEX AND ANI, LLC., d/b/a ALEX AND ANI,<br><br>    Plaintiffs,<br><br>  v.<br><br>NORTHEAST DIAMOND AND CASTING CO. INC., d/b/a NORTHEAST JEWELERS, and NORI FUNDRAISING CONCEPTS INC.,<br><br>    Defendants. | C.A. NO. 1:14-cv-10104<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

For its Complaint against Northeast Diamond and Casting Co. Inc. d/b/a Northeast Jewelers ("Northeast Jewelers") and NORI Fundraising Concepts Inc. ("NORI") (collectively "Defendants"), Alex and Ani, LLC ("Alex and Ani") alleges as follows:

## NATURE OF THE ACTION

1. This is an action at law and equity arising under the patent laws of the United States, Title 35 of the United States Code; the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*; and for substantial and related Massachusetts and common-law claims.

2. Alex and Ani is an American jewelry company based in Rhode Island. At all times relevant to this Complaint, Alex and Ani created, manufactured, and distributed a distinctive bangle that is the subject of United States Design Patent No. D498,167 entitled "Expandable Wire Bracelet" (the "'167 Patent").

3. Based on the design claimed in the '167 patent, Alex and Ani has created a signature line of distinctive Alex and Ani expandable bangles sharing a common design (the

"Signature Bangle") that has achieved secondary meaning in the United States marketplace.

4. Defendants Northeast Jewelers—a former retailer partner of Alex and Ani that sold Alex and Ani's Signature Bangles—and NORI have manufactured, imported, sold, and/or otherwise distributed knockoff bangle bracelets from their North Attleboro location and online throughout the United States, and attempted to capitalize on the goodwill of the distinctive Alex and Ani brand.

## THE PARTIES

5. Alex and Ani is a limited liability company organized under the laws of the State of Rhode Island with its principal place of business located at 2000 Chapel View Boulevard, Cranston, Rhode Island.

6. On information and belief, defendant Northeast Jewelers is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business located at 6 South Washington Street, North Attleboro, Massachusetts 02760. On information and belief, Northeast Jewelers has been doing business under the name "Northeast Jewelers" since September 2008.

7. On information and belief, defendant NORI Fundraising Concepts Inc. ("NORI") is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business located at 6 South Washington Street, North Attleboro, Massachusetts 02760.

## JURISDICTION AND VENUE

8. This action arises under the patent laws of the United States, Title 35 of the United States Code; the Lanham Act, 15 U.S.C. §§ 1051 et seq; and for substantial and related Massachusetts common-law claims. This Court has subject matter jurisdiction pursuant to 15

U.S.C. § 1121 and 28 U.S.C. §§ 1338 and 1367. As Massachusetts corporations sharing a place of business in North Attleboro, MA, this Court has personal jurisdiction over Defendants.

9. Venue is proper in this District under 38 U.S.C. §§ 1391(b) and (c) and § 1400(b), because Defendants reside in this Judicial District and acts of infringement were committed in this Judicial District.  Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to Alex and Ani's claims occurred in this District.

## ALEX AND ANI'S FAMOUS TRADE DRESS

10. Alex and Ani manufactures and sells American-made, eco-friendly, spiritually uplifting, positive-energy jewelry, including bangle bracelets, earrings, necklaces, and rings that bear Alex and Ani's distinctly recognizable designs, including its signature charms.

11. Alex and Ani's high quality fashion jewelry designs carry self-affirming messages based on the life and experiences of its Founder and Creative Director, Carolyn Rafaelian.  Alex and Ani manufactures its products in Rhode Island and sells them through authorized retailers throughout the United States and internationally.

12. Alex and Ani jewelry is made entirely in the United States using eco-friendly, recycled materials.  Manufacturing in the United States and reusing and recycling materials is an integral part of Alex and Ani's mission as a conscious and eco-friendly company.

13. The distinctive Alex and Ani products feature a circular, one-piece bangle style bracelet formed from a single piece of wire from approximately .050 to .064 gauge, the ends of which overlap in part, capturing the portion of the wire above and below each end by means of a stylistic twist, thereby creating a space between the upper and lower portions, creating the illusion that multiple bangles are being worn.  Alex and Ani's Signature Bangles also include a

prominent charm positioned within the overlapping portion of the bangle. This bangle design is common across Alex and Ani's signature line of products.

14. This unique combination of elements (the "Alex and Ani Trade Dress") serves to readily distinguish for consumers Alex and Ani's products from the goods of competitors. Alex and Ani enjoys substantial goodwill in the design of the Alex and Ani Signature Bangles, owing to Alex and Ani's lengthy, innovative and exclusive use of the distinctive product design.

15. A sample of the Alex and Ani Signature Bangle illustrating the Alex and Ani Trade Dress is shown below:



16. Since at least as early as 2004, Alex and Ani has continuously used the Alex and Ani Trade Dress in commerce in connection with its Signature Bangles.

17. Alex and Ani has gone to great expense and effort to develop, promote, and protect the Alex and Ani Trade Dress. As a result of Alex and Ani's efforts and longevity, the Alex and Ani Trade Dress and all products sold bearing the Alex and Ani Trade Dress have

become widely recognized by consumers and the industry as being associated with Alex and Ani. Alex and Ani's products have achieved a well-deserved reputation for quality and have experienced impressive sales growth and success over the last nine years.

18. Alex and Ani has expended substantial sums to conduct advertising highlighting the Alex and Ani Trade Dress throughout the United States.

19. Since its launch in 2004, Alex and Ani has enjoyed enormous success. Its jewelry is sold at thousands of company-owned stores and carefully selected boutiques throughout the United States and around the world. Alex and Ani scrutinizes each prospective retail partner before allowing it to sell Alex and Ani jewelry, and monitors each retailer's presentation of Alex and Ani merchandise throughout the duration of their partnership to ensure that the jewelry is displayed in a manner consistent with Alex and Ani's brand.

20. Alex and Ani has become one of the fastest growing privately owned companies in America. Its innovative concepts and designs have received extensive accolades and awards. For example, Alex and Ani was ranked 4th among Top Retail Companies on the 2013 Inc. 5000 list of the fastest-growing companies. Alex and Ani was the recipient of the Ernst & Young 2012 Entrepreneur of the Year award, and Providence Business News listed Ms. Rafaelian, as the 2012 "Woman to Watch in Creative Services."

21. The excellence of Alex and Ani products has been widely recognized in the United States and worldwide and has favorably been reported upon by the press. Just a few of the many publications that have reported on Alex and Ani's well-known Trade Dress are *Vogue, Glamour, Redbook, InStyle Spain, Lucky Magazine, Daily Front Row, ELLE, ELLE Spain, Women's Health* and *Brides*. Moreover, Alex and Ani's products have been extensively featured in fashion magazines and news media, including *Real Simple Magazine*, *W Magazine*, *Us Weekly*

*Magazine*, and *Redbook Magazine*, among others.

22. Because of its distinctive nature and wide-ranging popularity, the Alex and Ani Signature Bangle has frequently been a target of copying by competitors in the industry, including Cara Accessories, Ann Taylor Loft, Forever 21, Old Navy, and Max and Chloe. In each instance, Alex and Ani was successful in policing its intellectual property rights, and the copying was discontinued.

23. The Alex and Ani Trade Dress has become well known and identified in the minds of the trade and the purchasing public as identifying products belonging to Alex and Ani's signature line of expandable bangles. Indeed, as of the filing of this Complaint, the popular handmade and craft commerce website, www.etsy.com, featured nearly 200 knockoff expandable bangle designs promoted as "Alex and Ani Inspired" or "Alex and Ani Style." To the extent these "inspired-by" products are simply infringing knock-offs, Alex and Ani has been engaged in a continuing—and successful—effort to enforce its intellectual property rights against such infringers.

24. The Alex and Ani Trade Dress has come to indicate the source and quality of these products and to signify the association with Alex and Ani, a company that manufactures in the United States and reuses and recycles materials as an integral part of its mission to be socially conscious and eco-friendly.

25. The Alex and Ani Trade Dress has become an important business asset of immense and incalculable value.

26. The Alex and Ani Trade Dress is not functional. It is not essential to the purpose or use of Alex and Ani products that feature the Alex and Ani Trade Dress, nor does it affect the cost or quality of these Alex and Ani products. Further, exclusive use by Alex and Ani of the

Alex and Ani Trade Dress would not put competitors at a significant non-reputation-related disadvantage.

## ALEX AND ANI'S PATENT

27. To further protect her valuable intellectual property, Ms. Rafaelian applied for and received the '167 Patent.

28. The '167 Patent was duly and legally issued by the United States Patent and Trademark Office on November 9, 2004 to Ms. Rafaelian, who assigned all rights, title, and interest in the patent to Alex and Ani.

29. A true and correct copy of the '167 Patent is attached hereto as Exhibit A.

## DEFENDANTS' WRONGFUL ACTS

30. Northeast Jewelers was a retail partner of Alex and Ani until as late as August 2013. During that time, Northeast Jewelers sold Alex and Ani's distinctive fashion jewelry line, including Alex and Ani's Signature Bangle, in the original Northeast Jewelers Attleboro, Massachusetts retail store location and, on information and belief, also online through northeastdiamond.com. Northeast Jewelers also markets its goods via Facebook.com.

31. In August 2013, Alex and Ani terminated its retail partner relationship with Northeast Jewelers.

32. Upon information and belief, soon thereafter, Defendants began knocking off Alex and Ani's Signature Bangle by willfully and deliberately copying Alex and Ani's Trade Dress and patented design.

33. In December 2013, Alex and Ani discovered that Defendants were manufacturing, importing, selling, and/or distributing goods bearing the Alex and Ani Trade Dress (the "Infringing Goods") and infringing the '167 Patent from the Northeast Jewelers North Attleboro,

Massachusetts retail store location as well as through online sales channels, including Facebook.com.

34.     A representative example of the Infringing Goods is shown below on the left, along with the genuine Alex and Ani design on the right.



| **Defendants' Infringing Bangle** | **Genuine Alex and Ani Signature Bangle** |

35.     The likelihood of confusion between Defendants' goods and Alex and Ani's goods is great because the average retail consumer is not likely to exercise a high degree of care in purchasing a relatively inexpensive product such as bangle bracelets.  Given Northeast Jewelers' prior relationship with Alex and Ani and its past sales of Alex and Ani products, the likelihood of customer confusion is especially strong.

36.     The likelihood of confusion is also great because the goods are related: both the Infringing Goods and Alex and Ani Signature Bangle bearing the Alex and Ani Trade Dress are

expandable bangle bracelets.

37. The Infringing Goods are offered in the same channels of trade as Alex and Ani's products bearing the Alex and Ani Trade Dress, which, upon information and belief, include boutique shops like Northeast Jewelers' retail store location.

38. Alex and Ani has not consented to Defendants' use of the Alex and Ani Trade Dress or the '167 Patent in connection with the Infringing Goods, nor has Alex and Ani sponsored, endorsed or approved the goods or services offered or promoted by Defendants.

39. Defendants' unauthorized use of the Alex and Ani Trade Dress is likely to cause confusion, to cause mistake, and to deceive an appreciable number of customers and prospective customers into falsely believing that Defendants' goods are provided, sponsored, approved by or affiliated with Alex and Ani or that there is a connection or affiliation between Alex and Ani and Northeast Jewelers.

40. Upon information and belief, Defendants intentionally and deliberately misappropriated the Alex and Ani Trade Dress to mislead and confuse consumers into believing that Defendants' goods are provided, sponsored, approved by or affiliated with Alex and Ani. As a direct and proximate result of Defendants' conduct set forth above, Alex and Ani has been irreparably injured.

41. On December 16, 2013, Alex and Ani sent Northeast Jewelers a letter, a true and correct copy of which is attached hereto as Exhibit B, demanding that Northeast Jewelers cease and desist with its unlawful behavior immediately. Northeast Jewelers failed to respond to Alex and Ani's demand letter.

42. Defendants' conduct is continuing and will continue, constituting an ongoing threat to Alex and Ani and the public. Unless Defendants are restrained and enjoined from

engaging in the wrongful conduct described herein, Alex and Ani will suffer irreparable injury. It would be difficult to ascertain the amount of compensation that could afford Alex and Ani adequate relief for the acts of Defendants, present and threatened, and Alex and Ani's remedy at law is not adequate in and of itself to compensate it for said harm and damage.

43.  Alex and Ani has extensively and continuously promoted and used the Alex and Ani Trade Dress and its associated goodwill throughout the United States and the world, and the Trade Dress has thereby become a famous and well-known indicator of the origin of the Alex and Ani goods and has achieved significant secondary meaning.

### COUNT I: WILLFUL INFRINGEMENT OF U.S. PATENT '167 (35 U.S.C. § 271)

44.  Alex and Ani repeats and realleges all the preceding paragraphs as if stated in full herein.

45.  In violation of 35 U.S.C. § 271(a), Defendants have made, used, offered for sale, distributed, imported, and/or sold in the United States, bangle bracelets that infringe the '167 Patent.

46.  In violation of 35 U.S.C. §§ 271(b) and (c), Defendants have actively induced the infringement of, and/or contributed to the infringement of the '167 Patent.

47.  Defendants' infringement of the '167 Patent has occurred with Defendants' knowledge of the '167 Patent and has been willful and wanton.

48.  Alex and Ani has suffered and will continue to suffer serious and irreparable injury unless Defendants' infringement of the '167 Patent is enjoined.  Considering the balance of hardships between the parties, a remedy in equity is warranted.  And the public interest would be served by an injunction as an injunction would protect the public from Defendants' deceptive conduct.  Alex and Ani is entitled to injunctive relief, pursuant to 35 U.S.C. § 283, prohibiting

Defendants from infringing the '167 patent.

49. Alex and Ani is also entitled to damages adequate to compensate for Defendants' infringement of the '167 Patent in an amount to be determined at trial, but in no event less than a reasonable royalty, treble damages, interest, attorney's fees, and the costs incurred in this action.

**COUNT II:  FEDERAL TRADE DRESS INFRINGEMENT (15 U.S.C. § 1125(a))**

50. Alex and Ani repeats and realleges all the preceding paragraphs as if stated in full herein.

51. Upon information and belief, commencing at some time unknown to Alex and Ani and continuing to the present, Defendants manufactured, advertised, offered for sale, and engaged in the sale, resale and distribution of the Infringing Goods without Alex and Ani's consent, and thereby infringing the Alex and Ani Trade Dress.

52. The design of the Infringing Goods creates the same general overall impression and has the same "look and feel" as genuine Alex and Ani products.  Upon information and belief, the similarities between the Alex and Ani Trade Dress and the design of the Infringing Goods are purposeful.

53. Defendants' Infringing Goods were designed intentionally to mimic the Alex and Ani Trade Dress in that the designs of the bangles are confusingly similar, having virtually identical designs and distinctive arrangement of design elements.  This creates the immediate commercial impression that goods bearing such designs are associated with and emanate from Alex and Ani.  This is especially true, because Northeast Jewelers sold Alex and Ani's Signature Bangles in its retail store location and online before Alex and Ani terminated its retail partner relationship with Northeast Jewelers.

54. Defendants' sale of its Infringing Goods in the United States constitutes a false

designation of origin and is intentionally designed to deceive, and has deceived, customers into believing that the Infringing Goods are genuine goods of Alex and Ani.

55. Defendants have, without permission, willfully, and with the intention of benefiting from the reputation and good will of Alex and Ani, imitated the design, style, and layout of the Alex and Ani Trade Dress.

56. As a consequence, the design of the Infringing Goods is likely to deceive and divert, and has deceived and diverted, customers away from the genuine Alex and Ani products and created a likelihood of consumer confusion as to the source of the Alex and Ani products and the Infringing Goods.

57. Defendants' conduct, as alleged in the foregoing paragraphs, constitutes trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), which prohibits the use in commerce in connection with the sale of goods of any word, term, name, symbol, or device, or any combination thereof which is likely to cause confusion, or to cause mistake, or to deceive as to the source of the goods.

58. Without injunctive relief, Alex and Ani has no means by which to control the continuing injury to its reputation and goodwill, and Alex and Ani will continue to be irreparably harmed. No amount of money damages can adequately compensate Alex and Ani if it loses the ability to control the use of its Trade Dress, reputation, and goodwill through the false and unauthorized use of its Trade Dress. Considering the balance of hardships between the parties, a remedy in equity is warranted. And the public interest would be served by an injunction as an injunction would protect the public from Defendants' deceptive conduct. Alex and Ani is entitled to injunctive relief prohibiting Defendants from using the design of the Infringing Goods, or any other trademark or designation that is likely to be confused with the Alex and Ani

Trade Dress.

59.     Because Defendants' actions have been committed willfully and with intent to profit from Alex and Ani's goodwill in the Alex and Ani Trade Dress, this is an exceptional case, and Alex and Ani is entitled to recover Defendants' profits together with Alex and Ani's damages, trebled, costs of the action, and reasonable attorney's fees pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

## COUNT III: COMMON LAW UNFAIR COMPETITION AND MASSACHUSETTS CONSUMER PROTECTION ACT (Mass. Gen. Laws Ch. 93A, §§ 2 and 11)

60.     Alex and Ani repeats and realleges all the preceding paragraphs as if stated in full herein.

61.     Defendants have committed unfair and deceptive acts and practices affecting the conduct of trade and commerce in violation of the common law of the state of Massachusetts and the Massachusetts Consumer Protection Act, Mass. Gen. Laws Ch. 93A, §§ 2 and 11, by falsely passing off their Infringing Goods as those of Alex and Ani, causing a likelihood of confusion as to the source, sponsorship, or approval of its Infringing Goods, and causing a likelihood of confusion as to affiliation, connection, or association with Alex and Ani.

62.     Defendants' unfair and deceptive trade practices have proximately caused Alex and Ani irreparable harm and injury and, unless they are enjoined by this Court, will continue to cause Alex and Ani irreparable harm and injury.  Considering the balance of hardships between the parties, a remedy in equity is warranted.  And the public interest would be served by an injunction as an injunction would protect the public from Defendants' deceptive conduct.

63.     Defendants' unfair and deceptive trade practices have been willful and intentional, as evidenced in part by the fact that Defendants had actual knowledge of Alex and

Ani and the Alex and Ani Trade Dress but have nevertheless produced confusingly similar bangles. Therefore, Alex and Ani is also entitled to recover, in an amount to be determined at trial, compensatory damages, double or treble damages, costs and expenses, and attorney's fees pursuant to Mass. Gen. Laws Ch. 93A § 11.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Alex and Ani, LLC respectfully requests a judgment against Defendants Northeast Diamond and Casting Co. Inc. d/b/a Northeast Jewelers and NORI Fundraising Concepts Inc. that includes:

1. A judgment in favor of Alex and Ani and against Defendants on all counts;

2. Damages in an amount to be determined at trial, including Defendants' unjust enrichment, and, because this is an exceptional case, such damages enhanced and/or trebled for willful infringement;

3. An order awarding Alex and Ani its reasonable attorney's fees and costs incurred in this action;

4. Exemplary and punitive damages;

5. An order awarding Alex and Ani interest on the damages, costs, and attorney's fees incurred in this action, including pre-judgment interest;

6. An order permanently enjoining Defendants and their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or participating with Defendants, from:

   a. Using and infringing Alex and Ani's design patent, the '167 patent;

      b.    Using the Alex and Ani Trade Dress, or any other copy, reproduction, or colorable imitation or simulation of the Alex and Ani Trade Dress on or in connection with Defendants' goods or services;

      c.    Using any trademark, service mark, name, logo, design or source designation of any kind on or in connection with Defendants' goods or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to the trademarks, service names, or logos of Alex and Ani;

      d.    Using any trademark, service mark, name, logo, design or source designation of any kind on or in connection with Defendants' goods or services that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Alex and Ani, or are sponsored or authorized or affiliated with Alex and Ani;

      e.    Passing off, palming off, or assisting in passing off or palming off, Defendants' goods or services as those of Alex and Ani, or otherwise continuing any and all acts of unfair competition as alleged herein.

7.    An order requiring Defendants to recall all products bearing the Alex and Ani Trade Dress or any other confusingly similar mark, which have been shipped by Defendants or under their authority, to any customer including, but not limited to, any wholesaler, distributor, retailer, consignor, or marketer and also to deliver to each customer a copy of this Court's order as it relates to said injunctive relief;

8. An order requiring Defendants to deliver up for impoundment and for destruction all bangles, tags, signs, packaging, receptacles, advertising, sample books, promotional material, stationery or other materials in the possession, custody, or under the control of Defendants that are found to adopt or to infringe any of Alex and Ani's trademarks or Trade Dress or that otherwise unfairly compete with Alex and Ani and its products and services;

9. An order compelling Defendants to account to Alex and Ani for any and all profits derived by Northeast Jewelers from the sale or distribution of the Infringing Goods as described herein.

## DEMAND FOR JURY TRIAL

Alex and Ani, LLC demands trial by jury for all issues so triable.

Dated: January 15, 2014                    ALEX AND ANI, LLC,

By its attorneys,

/s/ Jack C. Schecter
Jack C. Schecter (BBO #652349)
Mary H. Adams (BBO #679329)
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY & POPEO P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000
jcschecter@mintz.com
mhadams@mintz.com

Nada I. Shamonki (*pro hac vice admission pending*)
MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY & POPEO P.C.
2029 Century Park East, Suite 1370
Los Angeles, CA 90067
(310) 586-3200
nshamonki@mintz.com

26305121v.1