# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ALEX AND ANI, LLC., d/b/a ALEX AND ANI , | |
| Plaintiffs/Counterclaim-Defendants, | Civil Action No. 1:14-cv-10104 |
| v. | |
| NORTHEAST DIAMOND AND CASTING CO. INC., d/b/a NORTHEAST JEWELERS, and NORI FUNDRAISING CONCEPTS INC., | |
| Defendants/Counterclaim-Plaintiffs. | |

## DEFENDANTS' ANSWER AND COUNTERCLAIMS
## TO PLAINTIFF ALEX AND ANI, LLC'S COMPLAINT

Defendants/Counterclaim Plaintiffs Northeast Diamond and Casting Co., Inc. ("Northeast") and Nori Fundraising Concepts, Inc. ("Nori") (collectively "Nori Fundraising" or "Defendants"), through its counsel of record, answer Plaintiff Alex & Ani, LLC's ("A&A") Complaint and assert counterclaims against A&A.

Nori Fundraising is a family owned business in North Attleboro, Massachusetts that helps schools and other non-profit organizations raise money for charitable causes by providing unique, custom-made charm bracelets for re-sale by the charitable organization during a fundraising drive.  Nori Fundraising has assisted with charitable fundraisers for organizations relating to congenital heart disease and amyotrophic lateral sclerosis ("ALS" or "Lou Gehrig's Disease").  Nori Fundraising has also supported fund-raising initiatives at approximately 50 schools in the Massachusetts area.

A&A is a multi-million dollar jewelry company that has asserted an invalid design patent against several small companies, including Nori Fundraising.  The expandable wire bracelet design shown in A&A's invalid design patent has been used for over a hundred years and was particularly popular during the Victorian era.  The expandable wire bracelet design was also made and sold by costume jewelers in the Providence, R.I. area as recently as the 1970s.  Below is just some of the relevant prior art to A&A's invalid design patent.





S.F. Myers and Co. - No. 2003
1894 Catalog

The New England Jeweler - No. 523
1892 Catalog

Nori Fundraising's bracelet design is based on well-known expandable bracelet designs from more than 100 years ago and are not similar to A&A's invalid design patent.  Below is an image of the Nori Fundraising bracelet alongside some of the relevant prior art.



Goldsmiths & Silversmiths Co., Ltd. - No. 21215
1901 Catalog

Goldsmiths & Silversmiths Co., Ltd. - No. 21218
1901 Catalog

Goldsmiths & Silversmiths Co., Ltd. - No. 21219
1901 Catalog

Goldsmiths & Silversmiths Co., Ltd. - No. 21221
1901 Catalog

Goldsmiths & Silversmiths Co., Ltd. - No. 21222
1901 Catalog

A&A has also improperly pled its proposed claims of trade dress infringement and unfair competition.  Therefore, Counts II and III of A&A's Complaint should be dismissed.  As more fully explained in Nori Fundraisings Motion to Dismiss, which is being filed herewith, A&A's expandable wire bracelet design is plainly functional.  Therefore, A&A has not, and cannot, properly state a claim for trade dress infringement.  A&A's proposed claim for unfair competition under Massachusetts common law and Mass. Gen. Laws Ch. 93A §§ 2 and 11 is preempted by federal patent law and therefore should also be dismissed.

Nori Fundraising denies each and every allegation contained in A&A's Complaint that is not expressly admitted below.  Any factual allegation admitted below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that arguably follow from the admitted facts.  Nori Fundraising denies that A&A is entitled to the relief requested or any other relief.

## NATURE OF THE ACTION

1.      Nori Fundraising admits that this action purports to be an action at law and equity arising under the patent laws of the United States.  The remaining allegations of this paragraph are the subject of Nori Fundraising's Partial Motion to Dismiss and therefore no answer is required.

2.      Nori Fundraising admits that A&A has a place of business in Rhode Island and that A&A sells at least one bracelet that is marked with United States Design Patent No. 498,167 ("the '167 Patent"), which is entitled "Expandable Wire Bracelet."  Nori Fundraising lacks sufficient information to either admit or deny the remaining allegations of Paragraph 2 of the Complaint.  To the extent a further response is required, Nori Fundraising denies the remaining allegations of Paragraph 2 of the Complaint.

3.      Nori Fundraising admits that A&A sells at least one expandable bracelet or bangle that is marked with the '167 Patent.  Nori Fundraising denies the remaining allegations of Paragraph 3 of the Complaint.

4.      Northeast admits that it was a former retailer partner of A&A.  Nori Fundraising denies the remaining allegations of Paragraph 4 of the Complaint.

5.      Admitted.

6.      Northeast admits that it is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business located at 6 South Washington Street, North Attleboro, Massachusetts 02760 and that it has done business under the name "Northeast Jewelers" since September 2008.

7.      Nori admits that it is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business located at 6 South Washington Street, North Attleboro, Massachusetts 02760.

## JURISDICTION AND VENUE

8.      Nori Fundraising admits that this action purports to be an action arising under the patent laws of the United States and that this Court has subject matter jurisdiction.   The remaining allegations of this paragraph are the subject of Nori Fundraising's Partial Motion to Dismiss and therefore no answer is required.

9.      Nori Fundraising admits that venue is proper in this District but denies that any acts of infringement have been committed by Nori Fundraising.

## ALEX AND ANI'S ALLEGED TRADE DRESS

10.     The allegations of Paragraph 10 of the Complaint are the subject of Nori Fundraising's Partial Motion to Dismiss and therefore no answer is required.

11.     Nori Fundraising denies the allegations of Paragraph 11 of the Complaint.

12.     Nori Fundraising denies the allegations of Paragraph 12 of the Complaint.

13.     Nori Fundraising denies that A&A's products are distinctive.  Nori Fundraising admits that at least some of A&A's bracelets comprise a circular, one-piece bangle style bracelet formed of a single piece of wire, the ends of which overlap in part and are connected using a single twist which creates a space between the upper and lower portions.  A&A also places a charm within the overlapping portion of the bangle.  Nori Fundraising denies the remaining allegations of Para graph 13 of the Complaint.

14.     Nori Fundraising denies the allegations of Paragraph 14 of the Complaint.

15.     Nori Fundraising admits that Paragraph 15 of the Complaint shows an image of what appears to be an A&A bracelet.  The remaining allegations of this paragraph are the subject of Nori Fundraising's Partial Motion to Dismiss and therefore no answer is required.

16.     The allegations of Paragraph 16 of the Complaint are the subject of Nori Fundraising's Partial Motion to Dismiss and therefore no answer is required.

17.     The allegations of Paragraph 17 of the Complaint are the subject of Nori Fundraising's Partial Motion to Dismiss and therefore no answer is required.

18.     That the allegations of Paragraph 18 of the Complaint are the subject of Nori Fundraising's Partial Motion to Dismiss and therefore no answer is required.  .

19.     Nori Fundraising lacks information sufficient to admit or deny the allegations of Paragraph 19 of the Complaint and therefore denies the allegations of Paragraph 19 of the Complaint.

20.     Nori Fundraising lacks information sufficient to admit or deny the allegations of Paragraph 20 of the Complaint and therefore denies the allegations of Paragraph 20 of the Complaint.

21.     Nori Fundraising lacks information sufficient to admit or deny the allegations of Paragraph 21 of the Complaint and therefore denies the allegations of Paragraph 21 of the Complaint.

22.     Nori Fundraising lacks information sufficient to admit or deny the allegations of Paragraph 22 of the Complaint and therefore denies the allegations of Paragraph 22 of the Complaint.

23.     The allegations of Paragraph 23 of the Complaint are the subject of Nori Fundraising's Partial Motion to Dismiss and therefore no answer is required.

24.     The allegations of Paragraph 24 of the Complaint are the subject of Nori Fundraising's Partial Motion to Dismiss and therefore no answer is required.

25.     The allegations of Paragraph 25 of the Complaint are the subject of Nori Fundraising's Partial Motion to Dismiss and therefore no answer is required.

26.     Paragraph 26 of the Complaint states a legal conclusion to which no response is required.  The conclusions of Paragraph 26 of the Complaint are also the subject of Nori Fundraising's Partial Motion to Dismiss and therefore no answer is required.

## ALEX AND ANI'S DESIGN PATENT

27.     Nori Fundraising admits that Ms. Rafaelian is listed as the named inventor of the '167 Patent.  To the extent a further response is required, Nori Fundraising denies the remaining allegations of Paragraph 27 of the Complaint.

28.     Nori Fundraising admits that the '167 Patent indicates an issue date of November 9, 2004 and that Ms. Rafaelian assigned the '167 Patent to A&A.  Nori Fundraising denies the remaining allegations of Paragraph 28 of the Complaint at least because the '167 Patent is invalid as explained in Nori Fundraising's Counterclaims, below.

29.     Nori Fundraising admits that Exhibit A to the Complaint appears to be a copy of the '167 Patent.

## ALEX AND ANI'S ALLEGATIONS AGAINST NORI FUNDRAISING

30.     Nori Fundraising admits that prior to August 2013 Northeast resold A&A bracelets as an authorized A&A reseller at its store in North Attleboro, Massachusetts and online through northeastdiamond.com.  Nori Fundraising also admits that it sometimes markets its goods through its Facebook page.  Nori Fundraising denies the remaining allegations of Paragraph 30 of the Complaint.

31.     Nori Fundraising admits that A&A terminated its retail partner relationship with Northeast in August of 2013.

32.     Nori Fundraising denies the allegations of Paragraph 32 of the Complaint.

33.     Nori Fundraising denies the allegations of Paragraph 33 of the Complaint.

34.     Nori Fundraising admits that the image on the left in Paragraph 34 appears to be a Nori Fundraising bracelet and that the image on the right appears to be an A&A bracelet.  Nori Fundraising denies the remaining allegations of Paragraph 34 of the Complaint.

35.     Nori Fundraising denies the allegations of Paragraph 35 of the Complaint.

36.     Nori Fundraising admits that the Nori Fundraising bracelet and the A&A bracelet are both capable of performing the function of expanding.  Nori Fundraising denies the remaining allegations of Paragraph 36 of the Complaint.

37.     Nori Fundraising denies the allegations of Paragraph 37 of the Complaint.

38.     Nori Fundraising admits that A&A has not consented to its sale of the Nori Fundraising bracelet, but denies that such consent is required.  Nori Fundraising denies the remaining allegations of Paragraph 38 of the Complaint.

39.     Nori Fundraising denies the allegations of Paragraph 39 of the Complaint.

40.     Nori Fundraising denies the allegations of Paragraph 40 of the Complaint.

41.     Nori Fundraising admits that Exhibit B to the Complaint is a copy of a letter from A&A to Northeast dated December 16, 2013.  Nori Fundraising admits that Northeast did not respond to the letter.  Nori Fundraising denies the remaining allegations of Paragraph 41 of the Complaint.

42.     Nori Fundraising denies the allegations of Paragraph 42 of the Complaint.

43.     Nori Fundraising denies the allegations of Paragraph 43 of the Complaint.

## COUNT I: INFRINGEMENT OF THE '167 PATENT (35 U.S.C. § 271)

44.     Nori Fundraising incorporates by reference its responses to each of the preceding paragraphs as if stated in full herein.

45.     Nori Fundraising denies the allegations of Paragraph 45 of the Complaint.

46.     Nori Fundraising denies the allegations of Paragraph 46 of the Complaint.

47.     Nori Fundraising denies the allegations of Paragraph 47 of the Complaint.

48.     Nori Fundraising denies the allegations of Paragraph 48 of the Complaint.

49.     Nori Fundraising denies the allegations of Paragraph 49 of the Complaint.

## COUNT II: FEDERAL TRADE DRESS INFRINGEMENT (15 U.S.C. § 1125 (a))

50.     Nori Fundraising incorporates by reference its responses to each of the preceding paragraphs as if stated in full herein.

51.     The allegations of Paragraph 51 of the Complaint are the subject of Nori Fundraising's Partial Motion to Dismiss and therefore no answer is required.

52.     The allegations of Paragraph 52 of the Complaint are the subject of Nori Fundraising's Partial Motion to Dismiss and therefore no answer is required.

53.     The allegations of Paragraph 53 of the Complaint are the subject of Nori Fundraising's Partial Motion to Dismiss and therefore no answer is required.

54.     The allegations of Paragraph 54 of the Complaint are the subject of Nori Fundraising's Partial Motion to Dismiss and therefore no answer is required.

55.     The allegations of Paragraph 55 of the Complaint are the subject of Nori Fundraising's Partial Motion to Dismiss and therefore no answer is required.

56.     The allegations of Paragraph 56 of the Complaint are the subject of Nori Fundraising's Partial Motion to Dismiss and therefore no answer is required.

57.     The allegations of Paragraph 57 of the Complaint are the subject of Nori Fundraising's Partial Motion to Dismiss and therefore no answer is required.

58.     The allegations of Paragraph 58 of the Complaint are the subject of Nori Fundraising's Partial Motion to Dismiss and therefore no answer is required.

59.     The allegations of Paragraph 59 of the Complaint are the subject of Nori Fundraising's Partial Motion to Dismiss and therefore no answer is required.

## COUNT III: COMMON LAW UNFAIR COMPETITION AND MASSACHUSETTS CONSUMER PROTECTION ACT (Mass. Gen. Laws Ch. 93A §§ 2 and 11)

60.     Nori Fundraising incorporates by reference its responses to each of the preceding paragraphs as if stated in full herein.

61.     The allegations of Paragraph 61 of the Complaint are the subject of Nori Fundraising's Partial Motion to Dismiss and therefore no answer is required.

62.     The allegations of Paragraph 62 of the Complaint are the subject of Nori Fundraising's Partial Motion to Dismiss and therefore no answer is required.

63.     The allegations of Paragraph 63 of the Complaint are the subject of Nori Fundraising's Partial Motion to Dismiss and therefore no answer is required.

## PRAYER FOR RELIEF

Nori Fundraising denies that A&A is entitled to any relief whatsoever from Nori Fundraising or the Court, either as prayed for in A&A's Complaint or otherwise.  Nori Fundraising has not infringed any valid and enforceable claim of the '167 Patent, and A&A is not entitled to any remedy or recovery.  To the extent that paragraphs 1-9 of A&A's Prayer for Relief are interpreted to contain any factual allegations, Nori Fundraising denies them.

## DEMAND FOR JURY TRIAL

No response is required to A&A's Jury Demand.

## GENERAL DENIAL

Nori Fundraising further denies each allegation contained in A&A's Complaint that was not specifically admitted, denied, or otherwise responded to in this Answer to A&A's Complaint.

## AFFIRMATIVE DEFENSES

Nori Fundraising alleges and asserts the following defenses in response to the allegations in the Complaint.  In addition to the affirmative defenses described below, Nori Fundraising specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

### First Affirmative Defense
### (Non-Infringement)

Nori Fundraising has not infringed and does not infringe any valid and enforceable claim of the '167 Patent, directly or indirectly, literally or under the doctrine of equivalents.  As further

explained with respect to Nori Fundraising's Counterclaims for Invalidity and Non-Infringement, which are incorporated herein by reference, the '167 Patent is invalid in light of the numerous prior art references cited herein and an invalid patent cannot be infringed.  Furthermore, Nori Fundraising's bracelets resemble the prior art to the '167 Patent and do not resemble the figures of the '167 Patent, which renders it non-infringing.

### Second Affirmative Defense
### (Invalidity)

The claims of the '167 Patent are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. § 101, et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, 171 and/or 112.  As further explained with respect to Nori Fundraising's Counterclaims for Invalidity, which is incorporated herein by reference, the '167 Patent is invalid in light of the numerous prior art references cited herein.

### Third Affirmative Defense
### (Patent Misuse)

Upon information and belief A&A has repeatedly asserted the '167 Patent in litigations in order to extract settlement agreements from its smaller competitors that precludes them from using designs that are not fairly within the scope of the '167 Patent and which A&A has no right to stop its competitors from adopting.

### RESERVATION OF DEFENSES

To the extent not already pled, Nori Fundraising reserves its right to add additional defenses pending further investigation and discovery and the resolution of its Partial Motion to Dismiss that is being filed herewith.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Northeast Diamond and Casting Co., Inc. ("Northeast") and Nori Fundraising Concepts, Inc. ("Nori") (collectively "Nori Fundraising" or "Counterclaim Plaintiffs") assert the following counterclaims against Counterclaim Defendant Alex & Ani, LLC ("A&A") as follows:

## NATURE OF THE ACTION

1.      This is an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the patent laws of the United States, including 28 U.S.C. §§ 1331, 1338(a).

2.      Upon information and belief. A&A is a jewelry company based in Rhode Island that has accused several defendants of infringing U.S. Design Patent No. 498,167 ("the '167 Patent").  *See, e.g. A&A, Inc. v. Max & Chloe, Inc.*, No. 1-10-cv-04590 (S.D.N.Y. 2010) (case settled January 30, 2012); *A&A, Inc. v. Castaneda et al.*, No. 1-11-cv-07154 (S.D.N.Y. 2011) (voluntarily dismissed prior to filing of the Answer); *R & L Merchandise, LLC v. A&A, LLC*, No. 3-12-cv-01081 (M.D. Tn. 2012) (telephonic conference regarding settlement scheduled with the court for April 10, 2014); *LA Gem & Jewelry Design, Inc. v. A&A, LLC et al*, No. 2-13-cv-03776 (C.D. Cal. 2013) (dismissed pursuant to confidential settlement agreement on September 6, 2013); *A&A, LLC v. Cikovic (TV1)*, No. 3-13-cv-00526 (E.D. Tn. 2013) (Agreed Order of dismissal filed pursuant to settlement on December 11, 2013).  Neither the scope or the validity of the '167 Patent has ever been determined on the merits in a court of law.

3.      On January 15, 2014, A&A filed the Complaint in this case against Nori Fundraising alleging, among other things, that Nori Fundraising infringes the '167 Patent through its sale of a bracelet with a significantly different design from that of the '167 Patent

("the Nori Bracelet").  Nori Fundraising now files its Counterclaims seeking a declaration that it does not infringe the '167 Patent and that the '167 Patent is invalid.

## THE PARTIES

4.      Counterclaim Plaintiff Northeast is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business located at 6 South Washington Street, North Attleboro, Massachusetts 02760.

5.      Counterclaim Plaintiff Nori is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business located at 6 South Washington Street, North Attleboro, Massachusetts 02760.

6.      Upon information and belief, Counterclaim Defendant A&A is a limited liability company organized under the laws of the State of Rhode Island with its principal place of business located at 2000 Chapel View Boulevard, Cranston, Rhode Island.

## JURISDICTION AND VENUE

7.      On January 15, 2014, A&A filed its Complaint for design patent infringement alleging that Nori Fundraising infringes the '167 Patent.  A&A also accuses Nori Fundraising of trade dress infringement under the Lanham Act, 15 U.S.C. §§ 1051 *et seq*.  A&A also accuses Nori Fundraising of violating Massachusetts common law of unfair competition and the Consumer Protection Act, Mass. Gen. Laws Ch. 93A §§ 2 and 11.

8.      This Court has subject matter jurisdiction over Nori Fundraising's counterclaims under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the patent laws of the United States, including 28 U.S.C. §§ 1331, 1338(a).  An actual, substantial and continuing justiciable controversy exists between Nori Fundraising and A&A with respect to which Nori Fundraising

requires a declaration of rights. Specifically, a controversy exists pertaining to the non-infringement and invalidity of the '167 Patent.

9.      By filing its Complaint, A&A has consented to the personal jurisdiction of this Court.

10.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400.

## FACTUAL ALLEGATIONS

### A&A'S '167 PATENT IS INVALID

11.     A&A's '167 Patent is titled "Expandable Wire Bracelet," and claims a simple wire bracelet consisting of a circular, one-piece bangle style bracelet formed from a single piece of wire, the ends of which overlap in part, capturing the portion of the wire above and below each end by means of a single twist.  Below is Figure 1 of the '167 Patent.  A true and correct copy of the '167 Patent is attached hereto as Exhibit A.



12.     The wire bracelet design of the '167 Patent claims a simple expandable wire bracelet design that has existed for hundreds of years.  For example, wire bracelets using the same design as that of the '167 Patent have been found in excavations in Indonesia dating from the classic period (700-1000 A.D.).  Below is a true and correct image of a wire bracelet that was

discovered during one such excavation.  Attached hereto as Exhibit B are true and correct

excerpts from "World of Bracelets" explaining that the wire bracelet depicted below was "made

with hammered, flattened or twisted wire.  These relatively simple techniques were used,

especially in the Early Classic period (700-1000 A.D.)."



13.    The wire bangle design of the '167 Patent also became popular in the Victorian

era, when several manufacturers in the United States and elsewhere began producing expandable

wire bracelets using the same design as that of the '167 Patent.  For example, in its 1888 catalog,

the E.V. Roddin & Co. jewelry company of Chicago began offering for sale and selling a

"Polished Stiffened Wire, adjustable" bracelet in solid gold for $22.  Below is an image of the

E.V. Roddin No. 139 Bracelet.  Attached hereto as Exhibit C are true and correct excerpts from

the E.V. Roddin Catalog that was published in 1888.



No. 139.  Polished Stiffened Wire, adjustable.   $22 00

14.     Upon information and belief, the E.V. Roddin & Co. No. 139 bracelet was also published and publicly offered for sale and sold for $24 in E.V. Roddin & Co.'s 1889 catalog as No. 463.  Below is an image of the E.V. Roddin No. 463 Bracelet.



No. 463.  Polished Stiffened Wire, Adjustable.  $24 00

15.     The 1895 E.V. Roddin & Co. catalog was republished in 1971 by the American Historical Catalog Collection and also includes several other bracelets that embody the design of the '167 Patent.  Below are images of "adjustable" bracelet Nos. 389 and 392 from the 1895 E.V. Roddin & Co. catalog.  Attached hereto as Exhibit D are true and correct excerpts from the E.V. Roddin & Co. catalog that was published in 1895 and re-published in 1971.



No. 389.   Polished, 5 Real Pearls.
Adjustable.   $20.00

No. 392.   Polished, 4 Real Turquoises,
3 Pearls, Adjustable.   $12.50

16.     Another Chicago jeweler, Otto Young, also offered for sale and sold several bracelets embodying the design of the '167 Patent in his 1892 catalog.  Below are exemplary images of the relevant bracelet designs that were published in the 1892 Otto Young catalog. Attached hereto as Exhibit E are true and correct excerpts from the 1892 Otto Young catalog.



No. 1151.  10k.  $15.00
Polished, 5 Real Pearls.

No. 1152.  Stiffened Wire.  $13.50
Polished, 3 Fine Moonstone Balls.

No. 1146.  14k.  $24.00
Wire, Fancy Colored Flower and Leaves, Garnet
Center.

No. 1154.  10k.  $9.50
4 Real Turquoise and 3 Real Pearls.

17.     The design of the '167 Patent was also well known in the New England area long before A&A applied for the '167 Patent.  For example, the 1892 catalog titled "The New England Jeweler" also includes several bracelets embodying the design of the '167 Patent.  The 1892 New England Jeweler catalog was also re-published by Dover Books in 1998.  Below are exemplary images of the relevant bracelet designs that were published in the 1892 New England Jeweler catalog.  Attached hereto as Exhibit F are true and correct excerpts from the 1892 New England Jeweler Catalog that was re-published by Dover Books in 1998.



No. 525.   $11.50.
Polished Round Wire.   Enameled Ornaments.

No. 526.   $11.50.
Polished Round Wire.   Enameled Ornaments.



No. 523.   $16.50.
Polished Round Wire.   Green Gold Ornament.
With Diamond.

18.     Attached hereto as Exhibit G are excerpts from the 1991 publication of "Victorian Jewelry – An Illustrated Collection of Exquisite 19th Century Jewelry," by Peter Hinks ("Hinks").  This publication includes "a selection from the following trade catalogs: The Goldsmiths and Silversmiths Co. Ltd, 1901, Mappin and Webb Ltd, 1900, Saunders and Shepherd Ltd, 1903-4, S.F. Myers and Co., 1894, Moore and Evans, 1898."  Several of these re-published catalogs depict bracelets comprising the design of the '167 Patent.

19.     Below are exemplary images of the relevant bracelet designs that were published and offered for sale by Goldsmiths & Silversmiths Co., Ltd. in 1901 and re-published in Hinks in 1991.



No. 21,244.—Fine Diamond "Cooing Doves.
£10  0  0

No 21,247.—Fine Diamond Cluster.
£28  0  0

20.     Below are exemplary images of the relevant bracelet designs that were published and offered for sale by S.F. Myers and Co., in 1894 and re-published in Hinks in 1991.



No. 2001........ ..  .... .......... ...... Each, $12 50
Enameled Ornament.  One Diamond.

No. 2002................  ....  .......Each, $16 25
Colored Ornament.  One Diamond.



21.     More recently, the design of the '167 Patent has been used by Providence-area costume jewelers in wire bracelets, as shown below.  Upon information and belief, the below "Love" bracelet was produced by one or more Providence-area costume jewelers at least as early as the 1970s.



**NORI FUNDRAISING DOES NOT INFRINGE THE '167 PATENT**

22.     In its Complaint, A&A accuses Nori Fundraising of infringing the '167 Patent, both directly and indirectly, despite the fact that Nori Fundraising sells a wire bracelet that is significantly different from the design of the '167 Patent.  As shown below, the Nori Bracelet does not use the design of the '167 Patent at least because it does not use the "single-twist" design of the '167 Patent and the numerous prior art references described above.  Rather, the Nori Bracelet employs a double twist design, which is readily distinguishable from the design of the '167 Patent and the various prior art references shown above.



23.     The design of the Nori Bracelet is also found within the prior art.  For example, several double-twist wire bracelets are shown in the 1991 Hinks publication.  Below are exemplary images of the relevant bracelet designs that were published and offered for sale by Goldsmiths & Silversmiths Co., Ltd. in 1901 and re-published in Hinks in 1991.



No. 21,214.—Fine Pearl Daisy and Leaf.
£1  15  0

No. 21,215.—Fine Pearl Lily Spray.
£1  18  0

No. 21,218.—Fine Pearl Heart and Leaf.
£2  0  0

No. 21,219.—Fine Pearl Double Horseshoe.
£2  0  0



No. 21,221.—Fine Pearl Horseshoe and Leaf.
£2  0  0

No. 21,222.—Fine Pearl Daisy and Leaf.
£2  0  0

24.     The Nori Bracelet uses a double twist design like the prior art bracelet designs depicted in the 1991 Hinks publication.  As such, the Nori Bracelet does not infringe the '167 Patent.

## FIRST COUNTERCLAIM

### (Declaration of Invalidity of U.S. Design Patent No. 498,167)

25.     Nori Fundraising hereby incorporates and realleges each of the foregoing paragraphs as though fully set forth herein.

26.     A&A has sued Nori Fundraising in the present action, alleging infringement of the '167 Patent.  As a result of at least the allegations contained in A&A's Complaint and Nori Fundraising's denial of such allegations, an immediate, real and justiciable controversy exists between Nori Fundraising and A&A with respect to the validity of the '167 Patent.

27.     As shown above, the '167 Patent is invalid for failing to meet the conditions specified in 35 U.S.C. § 101, *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 171 and/or 112.

28.     Based on the foregoing, Nori Fundraising is entitled to declaratory judgment that the '167 Patent is invalid.

## SECOND COUNTERCLAIM

### (Declaration of Non-Infringement of U.S. Design Patent No. 498,167)

29.     Nori Fundraising hereby incorporates and realleges each of the foregoing paragraphs as though fully set forth herein.

30.     A&A has sued Nori Fundraising in the present action, alleging infringement of the '167 Patent.  As a result of at least the allegations contained in A&A's Complaint and Nori Fundraising's denial of such allegations, an immediate, real and justiciable controversy exists between A&A and Nori Fundraising with respect to the alleged infringement of the '167 Patent.

31.     Nori Fundraising has not infringed and does not infringe the '167 Patent either literally or under the doctrine of equivalents, directly, by inducement, or contributorily at least because the Nori Bracelet is more similar to the known prior art to the '167 Patent than the design of the '167 Patent.

32.     Nori Fundraising is entitled to a declaratory judgment that it has not and does not infringe, directly, contributorily or by inducement, literally or under the doctrine of equivalents, any valid and enforceable claim of the '167 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim Plaintiffs Northeast Diamond and Casting Co., Inc. and Nori Fundraising Concepts, Inc. prays for relief as follows:

A.  That A&A's Complaint against Nori Fundraising be dismissed in its entirety with prejudice and that a judgment be entered in favor of Nori Fundraising and against A&A;

B.  That A&A take nothing by reason of its Complaint;

C.  That the Court enter an order denying any and all of A&A's request for injunctive relief against Nori Fundraising;

D.  For an entry of Judgment declaring that Nori Fundraising has not infringed and does not infringe, directly, contributorily or by inducement, literally or under the doctrine of equivalents any claim of the '167 Patent;

E.  That the Court enter a judgment declaring that the '167 Patent is invalid;

F.  That Nori Fundraising be granted all such other and further relief as the Court deems just and proper.

## JURY DEMAND

Northeast Diamond and Casting Co., Inc. and Nori Fundraising Concepts, Inc. demands a trial by jury for all issues so triable.


Dated:  April 17, 2014                    NORTHEAST DIAMOND AND CASTING CO.
                                          INC., d/b/a NORTHEAST JEWELERS, and NORI
                                          FUNDRAISING CONCEPTS INC.

                                          By its Attorneys,

                                           /s/  Craig R. Smith
                                          Craig R. Smith (BBO No. 636,723)
                                          William J. Seymour (BBO No. 687,181)
                                          LANDO & ANASTASI, LLP
                                          Riverfront Office Park
                                          One Main Street, 11th Floor
                                          Cambridge, MA  02142
                                          Telephone:  (617) 395-7000
                                          Facsimile:  (617) 395-7070
                                          emailservice@lalaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the foregoing ANSWER AND COUNTERCLAIMS was filed through the ECF system and will be sent electronically to the registered participants this 10th day of April 2014.


Dated:  April 17, 2014                    /s/  William J. Seymour
                                          William J. Seymour